GERBER, J.,
specially concurring.
This latest and/or issue has arisen because the standard jury instruction for the charge of resisting officer with violence, upon which the trial court apparently relied below, has been outdated since the supreme court’s holding in Wallace v. State, 724 So.2d 1176 (Fla.1998).
As the majority opinion states, Wallace holds that a defendant’s continuous violent resistance of multiple officers constitutes only one instance of resisting. Id. at 1181. However, the standard jury instruction for the charge of resisting an officer with violence does not contemplate the possibility that one instance of resisting may involve multiple officers. Instead, the standard jury instruction recommends that a trial court insert the name of only one officer as the “victim” of the offense:
21.1 RESISTING OFFICER WITH VIOLENCE
§ 843.01, Fla. Stat.
To prove the crime of Resisting Officer with Violence, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly and willfully [resisted] [obstructed] [opposed] (victim) by [offering to do [him][her] violence] [doing violence to [him][her]].
*1137 2. At the time, (victim) was engaged in the [execution of legal process] [lawful execution of a legal duty].
3. At the time, (victim) was [an officer] [a person legally authorized to execute process],
4. At the time, (Defendant) knew (victim) was [an officer] [a person legally authorized to execute process].
The court now instructs you that every (name of official position of victim designated in charge) is an officer within the meaning of this law.
“Offering” to do violence means threatening to do violence.
Because the standard jury instruction does not contemplate the possibility of there being more than one “victim” of the single offense, it is understandable that trial courts have had difficulty applying the standard instruction to the multiple officer situation. See Love v. State, 971 So.2d 280, 288 (Fla. 4th DCA 2008) (“The ‘and/or’ instruction on the resisting count presents similar problems.”).
To fit both the single officer and multiple officer situations, we recommend that the Committee on Standard Jury Instructions for Criminal Cases propose to the supreme court the following revisions to the standard jury instruction:
21.1 RESISTING OFFICER WITH VIOLENCE
§ 843.01, Fla. Stat.
To prove the crime of Resisting Officer with Violence, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly and willfully [resisted] [obstructed] [opposed] (victim) any officer by [offering to do [him][her] violence] [doing violence to.[him][he¥j] to any officer.
2. At the time, (victim) was the [officer tvas] [officers were] engaged in the [exec-ution-of-legal process] [lawful execution of a legal duty],
3. At the time, (victim) the [person] [persons] to whom (Defendant) [offered to do violence] [did violence] was [was an officer] [were officers ] [a-person-legally^authorized to execute, process],
4. At the time, (Defendant) knew (victim) the [person] [persons] to whom (Defendant) [offered to do violence] [did violence] was [was an officer] [were officers ] [a-person legally authorized to execute process].
The court now instructs you that every (name of official position of victim officer or officers designated in charge) is an officer within the meaning of this law.
“Offering” to do violence means threatening to do violence.
Although these proposed revisions obviously could not prevent the and/or issue from arising in this case, they may prevent the issue from arising in future cases.